# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEONDRA L. LIGGION,

    Petitioner,                                                 Case No. 17-13009

v.

THOMAS O. WINN,

    Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO WITHDRAW NEW ISSUES AND TO HOLD PETITION IN ABEYANCE, AND STAYING THE CASE

Petitioner Deondra L. Liggion has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is in the custody of the Michigan Department of Corrections, challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84(1)(a), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and three counts of possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b(2). Respondent filed a response and Petitioner replied. (ECF Nos. 8, 10.) Petitioner moves to withdraw new issues raised in Petitioner's reply and to hold the habeas petition in abeyance. (ECF No. 12.) The motion will be granted in part and denied in part. The case will be stayed pending Petitioner's exhaustion of new claims in state court.

## I. BACKGROUND

A jury in Kalamazoo County Circuit Court convicted Petitioner as set forth above. On November 24, 2014, he was sentenced as a fourth habitual offender to 35 to 50 years for second-degree murder, 25 to 40 years for assault with intent to do great bodily harm less than murder, 10 to 20 years for being a felon in possession, and 5 years for each felony-firearm conviction. The felony-firearm convictions to be served concurrently with one another but consecutively to the other sentences. On April 26, 2016, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Liggion*, No. 325166, 2016 WL 1688678 (Mich. Ct. App. Apr. 26, 2016). The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the question presented should be reviewed by [the] Court." *People v. Liggion*, 500 Mich. 897 (2016).

## II. DISCUSSION

The petition raises a single claim for relief: insufficient evidence supports Petitioner's convictions. In his reply to Respondent's answer, Petitioner raises several new claims concerning the ineffective assistance of counsel and prosecutorial misconduct. Petitioner realized that these new claims were not exhausted in state court and filed the pending motion seeking to withdraw the new claims and to stay the case while he exhausts the new claims in state court. Respondent has not responded to the motion.

The court will deny Petitioner's request to withdraw the new claims raised in his reply brief. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in civil cases and applies to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rule 15 permits a party to amend a pleading as a

matter of course within 21 days after service of a responsive pleading or motion to dismiss and, in all other cases, only with the opposing party's written consent or by leave of court which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Petitioner's reply was filed more than 21 days after service of Respondent's answer. Respondent did not give written consent to allow Petitioner to amend the petition to raise additional claims, nor did Petitioner move for leave of court to amend the petition. Thus, the petition was not amended to include the unexhausted claims. As a consequence, Petitioner need not move to withdraw the new claims.

The court will grant Petitioner's request to stay this proceeding to allow Petitioner to exhaust his new claims. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The court finds a stay warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's claim that his appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this case while Petitioner pursues state remedies.

The court will stay the case and allow Petitioner to exhaust his state court remedies pursuant to the terms described below. Any failure on the part of Petitioner to comply with these terms could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### III. CONCLUSION

Petitioner did not move to amend his petition and did not do so as of right. Thus, there is no need to withdraw new arguments raised in Petitioner's reply. However, the court will hold this case in abeyance while Petitioner exhausts his new claims in state court. Accordingly,

IT IS ORDERED that Petitioner's "Motion to Withdraw New Issues Raised for the First Time in the Reply and Request to Hold Petition in Abeyance" is GRANTED IN PART and DENIED IN PART. (ECF No. 12.) Petitioner's request to withdraw new issues is DENIED. Petitioner's request to stay the case is GRANTED.

4

IT IS FURTHER ORDERED that this case is STAYED. The Clerk of the Court is DIRECTED to administratively close this case. Petitioner shall commence post-conviction proceedings in state court within 60 days of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order. The amended petition and motion to lift the stay must be filed within 60 days of exhausting state remedies.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2020, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-13009.LIGGION.MotiontoAmendandStay.MBC.RMK.docx